IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,　　　　　　　　　　　3:12-cr-00437-MA

　　　　　Plaintiff,　　　　　　　　　　　　　OPINION AND ORDER

　　v.

FRANCISCO GODINEZ-VALENCIA,

　　　　　Defendant.

S. AMANDA MARSHALL
United States Attorney
District of Oregon
GREGORY R. NYHUS
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

　　Attorneys for Plaintiff

RUBEN L. IÑIGUEZ
Assistant Federal Public Defender
101 Southwest Main Street, Suite 1700
Portland, Oregon 97204

　　Attorney for Defendant

MARSH, Judge

　　Defendant moves to dismiss the indictment in this illegal reentry prosecution under 8 U.S.C. § 1326 on the basis that the

1 - OPINION AND ORDER

immigration judge (IJ) failed to properly advise him of relief from removal at the deportation hearing. Because I conclude that defendant suffered no prejudice, defendant's Motion to Dismiss Indictment (#20) is denied.

## FACTUAL BACKGROUND

In 2010, defendant, a native and citizen of Mexico, was deported after removal proceedings in front of an IJ. Defendant came to the attention of immigration authorities after he pled guilty in the Circuit Court of the State of Oregon to three counts of Rape in the Second Degree under Or. Rev. Stat. § 163.365. Defendant's state conviction stemmed from a sexual relationship he had at the age of seventeen with a girl under the age of fourteen. Defendant was arrested for Rape in the Second Degree after the girl became pregnant with defendant's child.

At the deportation hearing, the IJ notified defendant that he was not eligible for relief from removal and could not voluntary depart because of his prior conviction. Accordingly, on December 2, 2010, a Warrant of Removal/Deportation was issued, and defendant was subsequently deported.

On December 14, 2011, defendant was found in the United States by immigration officials after being booked into Tillamook County Jail on a probation violation. Defendant maintains that he returned to the United States after his parents mistakenly told him that his criminal record had been expunged. On April 2, 2012,

defendant was sentenced to twelve months in jail on his state probation violation. The United States instituted the present illegal reentry action on August 16, 2012.

## DISCUSSION

### I. Collateral Attack of a Deportation Order

A defendant charged with illegal reentry under 8 U.S.C. § 1326 may collaterally attack the validity of the underlying deportation order because a valid deportation is a "predicate element of his conviction." United States v. Melendez-Castro, 671 F.3d 950, 953 (9th Cir. 2012) (citing United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047 (9th Cir. 2004)).

To succeed on a collateral attack of a deportation order, a defendant must demonstrate that: (1) he exhausted any available administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d); see also United States v. Vidal-Mendoza, ___ F.3d ___, 2013 WL 174495, at *2 (9th Cir. Jan. 15, 2013); Melendez-Castro, 671 F.3d at 953.

The parties agree that the IJ's failure to advise defendant of relief from removal at the hearing satisfies the first two elements. See Melendez-Castro, 671 F.3d at 953-54. Thus, the only

remaining question is whether entry of the deportation order was fundamentally unfair.

An underlying removal order is "fundamentally unfair" if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding; and (2) the defendant suffered prejudice as a result of the defects. Vidal-Mendoza, 2013 WL 174495, at *2; Melendez-Castro, 671 F.3d at 953. The IJ's failure to inform defendant of relief from deportation meets the first prong of this test. Vidal-Mendoza, 2013 WL 174495, at *2.

To establish prejudice, defendant must show that he had a plausible ground for relief from deportation. Ubaldo-Figueroa, 364 F.3d at 1050 (citing United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000)); Melendez-Castro, 671 F.3d at 954-55. A defendant need not show that he would have actually been granted relief. Melendez-Castro, 671 F.3d at 954-55. A defendant who is statutorily barred from receiving relief from deportation is not prejudiced by an IJ's failure to properly advise him of such relief. See United States v. Gonzalez-Valerio, 342 F.3d 1051, 1056 (9th Cir. 2003).

An alien who has been convicted of an aggravated felony is not eligible to receive relief from deportation. See 8 U.S.C. §§ 1229c(a)(1), (b)(1)(C) (precluding voluntary departure for aliens convicted of an aggravated felony), 1229b(a)(3), (b)(1)(c) (precluding cancellation of removal and adjustment of status for

aliens convicted of an aggravated felony). Thus, if defendant's Rape in the Second Degree conviction qualifies as an aggravated felony, the IJ's failure to inform him of the availability of relief from deportation would be harmless.

## II. Classification of Or. Rev. Stat. § 163.365 as an Aggravated Felony

In the context of deportation proceedings, "aggravated felony" is defined to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). In this case, the statute of conviction reads:

> A person who has sexual intercourse with another person commits the crime of rape in the second degree if the other person is under 14 years of age.

Or. Rev. Stat. § 163.365(1).

Courts apply a two step approach to determine whether a statute of conviction constitutes "sexual abuse of a minor." First, "'[u]nder the categorical approach, we compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.'" Pelayo-Garcia v. Holder, 589 F.3d 1010, 1012 (9th Cir. 2009) (quoting Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir. 2008)). If the statute of conviction required proof of all of the elements of the federal generic offense, then the conviction is an aggravated felony. Sanchez-Avalos v. Holder, 693 F.3d 1011, 1014 (9th Cir. 2012). If the statute of conviction does not fit within the federal generic

definition under the categorical approach, the court proceeds to the modified categorical approach, where it examines "specified judicial records to determine whether a defendant was necessarily convicted of the elements of the federal generic crime." Pelayo-Garcia, 589 F.3d at 1016 (citing Shepard v. United States, 544 U.S. 13, 20-21 (2005)).[1]

### A. Two Definitions of "Sexual Abuse of a Minor"

There are "two different federal generic definitions for 'sexual abuse of a minor.'" United States v. Farmer, 627 F.3d 416, 421 (9th Cir. 2010) (quoting Pelayo-Garcia, 589 F.3d at 1013). For statutes which govern "sexual offenses involving older *as well as* younger adolescents," the federal generic definition requires that the statute of conviction have four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of twelve and sixteen; and (4) an age difference of at least four years between the defendant and the minor. Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir. 2008); Medina-Villa, 567

---

[1] The Ninth Circuit Court of Appeals has faced the question of whether a statute qualifies as "sexual abuse of a minor" in two contexts – the definition of "aggravated felony" in 8 U.S.C. 1101(a)(43)(A) and the definition of "crime of violence" under the United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), app. n. 1(B)(iii). The Ninth Circuit has repeatedly noted that its cases on this question apply with equal force in both contexts. E.g., United States v. Medina-Villa, 567 F.3d 507, 511-12 (9th Cir. 2009); Pelayo-Garcia, 589 F.3d at 1013 n.1; United States v. Valencia-Barragan, 608 F.3d 1103, 1107 n.1 (9th Cir. 2010); United States v. Castro, 607 F.3d 566, 568 n.1 (9th Cir. 2010).

F.3d at 514 (emphasis added). Such offenses have been categorized as "statutory rape" crimes for the purpose of this analysis. Medina-Villa, 567 F.3d at 514; Pelayo-Garcia, 589 F.3d at 1013; Rivera-Cuartas v. Holder, 605 F.3d 699, 701-02 (9th Cir. 2010).

If a statute specifically prohibits conduct harmful to younger children only, it may also qualify as sexual abuse of a minor if: (1) the conduct prohibited by the criminal statute is sexual; (2) the statute protects a minor; and (3) the statute requires abuse. United States v. Baron-Medina, 187 F.3d 1144, 1146-47 (9th Cir. 1999); Medina-Villa, 567 F.3d at 513; Pelayo-Garcia, 589 F.3d at 1013-14. Sexual conduct involving "younger children" is per se abusive. Pelayo-Garcia, 589 F.3d at 1014; Valencia-Barragan, 608 F.3d at 1107.

Defendant argues that the Estrada-Espinoza definition is the exclusive definition in this case because Or. Rev. Stat. § 163.365 is a "statutory rape" crime. In so arguing, defendant asserts that because § 163.365 fits within the federal generic definition of "statutory rape," it must also be treated as a "statutory rape" offense for the purpose of determining if it fits within the federal generic definition of "sexual abuse of a minor." As such, defendant argues that § 163.365 is broader than the Estrada-Espinoza definition because it lacks the age difference and mens rea elements.

7 - OPINION AND ORDER

This court is not required to exclusively apply the Estrada-Espinoza definition in this case. Rather, the statute of conviction may constitute "sexual abuse of a minor" under the Baron-Medina definition if the statute "prohibits conduct harmful to younger children specifically."[2] Medina-Villa, 567 F.3d at 514. A statute that prohibits sexual conduct with children under the age of fourteen is sufficiently tailored to conduct harmful to younger children. Medina-Villa, 567 F.3d at 511-16 (applying Baron-Medina to a California statute prohibiting lewd or lascivious acts on children under fourteen); Valencia-Barragan, 608 F.3d at 1106-08 (applying Baron-Medina to a Washington statute prohibiting sexual intercourse with a child who is at least twelve but less than fourteen years old). Thus, § 163.365 will constitute "sexual abuse of a minor" if it meets the federal generic definition in Baron-Medina.

///

---

[2] If a statute proscribes only conduct harmful to younger children, it is unclear whether the court is to apply Baron-Medina exclusively, or whether it may find the statute fits within the federal generic definition if it meets either the Baron-Medina or Estrada-Espinoza formulations. Compare Farmer, 627 F.3d at 421 (stating that a statute meets the federal generic definition if it meets either test), Pelayo-Garcia, 589 F.3d at 1013-16 (applying both tests), and Rivera-Cuartas, 605 F.3d at 701-02 (applying both tests), with Sanchez-Avalos, 693 F.3d at 1016, n.3 (suggesting that for non-statutory rape crimes, Baron-Medina is the correct test), and Medina-Villa, 567 F.3d at 514 (suggesting the Estrada-Espinoza test applies to "statutory rape crimes only"). I need not reach this question, however, because § 163.365 fits within the Baron-Medina definition.

## B. Application of the Baron-Medina Definition

Section 163.365 satisfies the Baron-Medina definition's three elements. The statute clearly prohibits sexual conduct, as it specifically proscribes sexual intercourse. Or. Rev. Stat. § 163.365(1). Additionally, the statute protects minors, as it is specific to protecting children under the age of fourteen years. Id. Finally, § 163.365 "contains the final element, abuse, because it applies to sexual conduct with children younger than fourteen years, and therefore prohibits conduct that is per se abusive." Valencia-Barragan, 608 F.3d at 1107; see also Baron-Medina, 187 F.3d at 1145-47 (finding that lewd or lascivious acts on children under fourteen years of age are per se abusive).

Nonetheless, defendant argues that § 163.365 fails to meet the Baron-Medina definition because it does not proscribe entirely abusive conduct. This argument is foreclosed by Valencia-Barragan and Baron-Medina. Furthermore, under the Baron-Medina formulation, neither the type of sexual conduct nor the age difference between the victim and defendant change the analysis. Sexual conduct with children under the age of fourteen is per se abusive. Section 163.365 meets Baron-Medina's federal generic definition of "sexual abuse of a minor," and is therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Because defendant was convicted of an aggravated felony before his deportation hearing, he was not eligible for relief from

9 - OPINION AND ORDER

deportation. He therefore cannot establish that he was prejudiced by the IJ's failure to advise him of relief, and cannot successfully collaterally attack the deportation order.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss Indictment (#20) is DENIED.

IT IS SO ORDERED.

DATED this __12__ day of February, 2013.

Malcolm F. Marsh
United States District Judge